# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

TERRANCE SMITH                                                                                         PLAINTIFF

v.                                          3:18cv00001-JLH-JJV

UNITED STATES POSTAL SERVICE,
*Glenda Curtis, Corning Postmaster*                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Terrance Smith ("Plaintiff") had a bone to pick with Glenda Curtis - Postmaster of the Corning, Arkansas Post Office - and sued her in the Corning District Court (Small Claims). (Doc. No. 2 at 1.) Plaintiff initiated this cause of action because the United States Postal Service (USPS) refused to deliver his mail due to his "letter carrier experienc[ing] difficulty in delivering mail to [his] address due to animal interference from [Plaintiff's] dog." (*Id.* at 4.) The USPS, through Ms. Curtis, requested that Mr. Smith sign a "Pet Restraint Agreement" to confirm that Plaintiff would "properly restrain [his] animals to ensure the safety of [postal] employees." (*Id.*) Plaintiff was informed he had thirty days to sign the letter or his mail would be returned to sender. (*Id.*) Additionally, Plaintiff was given the option of "placing a mail receptacle curbside." (*Id.*)

Rather than sign the agreement or place a mailbox curbside, Mr. Smith sued Ms. Curtis for breach of promise, fraud, and negligence. (*Id.* at 1.) It appears Mr. Smith had relied on the USPS's informal motto: "Neither snow nor rain nor heat nor gloom of night stays these couriers from the swift completion of their appointed rounds." Yet, according to the USPS, "The number of postal

employees attacked by dogs nationwide reached 6,755 in 2016 — more than 200 higher than the year before."[1]

Now, in dog-eat-dog fashion, the United States has removed this matter from the Corning District Court and the matter has now become a federal case.  The United States argues that Mr. Smith is barking up the wrong tree and has now filed a Motion to Substitute the United States as Defendant and to Dismiss Complaint against United States.  (Doc. No. 4.)  Plaintiff has not responded, and this matter is now ripe for a decision.  After careful review, and for the following reasons, I find the Motion should be GRANTED and this cause of action be DISMISSED without prejudice.

## II. ANALYSIS

### A. Motion to Substitute United States as Defendant

Glenda Curtis seeks to be replaced by the United States as the defendant, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.§ 2679.  In 1988, Congress amended the FTCA with the Westfall Act "to reinforce federal employees' immunity from tort actions." *Anthony v. Runyon*, 76 F. 3d 210, 212-13 (8th Cir. 1996).  The FTCA, as amended by the Westfall Act, now confers absolute immunity from common-law and state-law tort claims to all federal employees acting within the scope of their employment.

Furthermore, the FTCA is the exclusive remedy against the United States for injuries caused by federal employees acting within the scope of their employment. The FTCA remedy is exclusive of any other civil action for money damages by reason of the same subject matter against the federal employee whose alleged negligent act or omission gave rise to the claim.  28 U.S.C. § 2679(b)(1).

---

[1] https://about.usps.com/news/national-releases/2017/pr17_016.htm

The Attorney General, through the United States Attorney for the Eastern District of Arkansas, has certified that Ms. Curtis "was acting within the scope of her employment with the USPS at the time of the incident out of which plaintiff's claims arose." (Doc. No. 5-1); 28 U.S.C. § 2679(d)(1). While this certification acts as *prima facie* evidence, I have independently reviewed the facts of this case and find there is really no question that Ms. Curtis was acting within the scope of her employment here. *Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996). Accordingly, I find the United States should be substituted as Defendant in this matter.

### B. Motion to Dismiss

Under 28 U.S.C. § 2675(a), Mr. Smith was required to file an administrative claim with the USPS before filing a lawsuit. But Kimberly A. Herbst, Supervisor, Tort Claims Examiner/Adjudicator with the USPS National Tort Center, states she searched all relevant USPS records for evidence of an administrative claim being filed on behalf of Terrance Smith and, "No such claim was discovered." (Doc. 5-3 at 2.) There really is no serious bone of contention on this point. Therefore, I recommend dismissal of this cause of action consistent with 28 U.S.C. § 2675(a). *McNeil v. U.S.*, 508 U.S. 106 (1993).

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion to Substitute the United States as Defendant and to Dismiss Complaint against United States (Doc. No. 4) be GRANTED and this cause of action be DISMISSED without prejudice.

DATED this 9th day of February, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4